KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alfred C. Lombardelli, | No. CV 1-08-658-JMR |
| Plaintiff, | **ORDER** |
| vs. | |
| K. Halsey, et al., | |
| Defendants. | |

Plaintiff Alfred C. Lombardelli, who is confined in the California State Prison-Corcoran, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and later filed an Amended Complaint (Doc. #7). This case was reassigned to the undersigned judge on November 24, 2008. The Court will order Defendants Halsey and Vogel to answer Count Three and the "snitch" claim in Count Four of the Amended Complaint. The Court will dismiss the remaining claims and Defendants without prejudice.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

JDDL

## II. Amended Complaint

In the Amended Complaint, Plaintiff sues the following Defendants, who are employed the Corcoran State Prison: Correctional Officer Kelvin Halsey; Correctional Sergeant Ronald Vogel; Correctional Officer T. Herbron; Correctional Officer R. Benevidez; Correctional Officer S. Smyth; Correctional Officer A. Castro; Correctional Counselor E. Ortiz; Correctional Captain R. Vella; Correctional Counselor I Sabrina Johnson; Correctional Lieutenant M. Melo; Chief Deputy Warden J. Hartley; Captain Nick Comaites; Associate Warden Raul Lopez; Nurse Osunde; Nurse Burns; Nurse Practitioner Loadholt; and Does 1 through 5.

Plaintiff raises five grounds for relief in the Amended Complaint:

(1) Defendants violated Plaintiff's First Amendment rights when they retaliated against Plaintiff for filing grievances and court actions against prison officials;

(2) Defendants violated Plaintiff's Fifth and Fourteenth Amendment due process rights;

(3) Defendants Halsey and Vogel used excessive force on Plaintiff, in violation of the Eighth Amendment;

(4) Defendant Halsey violated Plaintiff's Eighth Amendment rights when he cuffed Plaintiff's hands tight enough to cause nerve damage and "spread the word" that Plaintiff "is a rat and a snitch"; and

(5) Defendants were deliberately indifferent to Plaintiff's need for medical care, in violation of the Eighth Amendment.

Plaintiff seeks money damages and injunctive relief.

## III. Failure to State a Claim

### A. Defendants Hartley, Lopez, and Comaites

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil rights complainant must allege that

the official personally participated in the constitutional deprivation or that a supervisory official was aware of widespread abuses and with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. 658; Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff's allegations against Defendants Hartley, Lopez, and Comaites stem from their position as supervisors of individuals who allegedly violated Plaintiff's constitutional rights. Plaintiff has not alleged sufficient facts against these Defendants to demonstrate that they were personally involved in the deprivation of Plaintiff's constitutional rights, were aware of widespread abuses and failed to act, or that they formed specific policies that resulted in Plaintiff's injuries. The Court will therefore dismiss these Defendants.

### B.     Count One–Retaliation

In Count One, Plaintiff alleges that Defendants Halsey, Vogel, Hebron, Benevidez, Smyth, Castro, Ortiz, Vella, Melo and Johnson violated Plaintiff's First Amendment right to be free from retaliatory acts for exercising his right to file grievances and court actions. In his 13-page statement of facts, Plaintiff describes numerous incidents involving the above Defendants that might be construed as retaliatory. However, in his claim for relief, Plaintiff has failed to identify what specific acts were taken in retaliation for his filing grievances or court actions and by which defendants. A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996). It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims. Because

the Court cannot determine which facts are intended to support Plaintiff's retaliation claims, the Court cannot meaningfully review Plaintiff's retaliation claims and will dismiss Count One.

### C.   Count Two–Due Process

The entirety of Plaintiff's allegations in Count Two are as follows: "All said defendant[]s violated plaintiff's Fifth and Fourteenth Amendment Rights to Due Process of law."

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982); Rhodes v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Ivey, 673 F.2d at 268. Plaintiff's allegations in Count Two are vague and conclusory and will therefore be dismissed.

### D.   Count Four–Threat to Safety

In Count Four, Plaintiff alleges that Defendant Halsey violated his Eighth Amendment rights and threatened his safety by handcuffing Plaintiff's wrists so tightly that Plaintiff experienced nerve damage and that Defendant Halsey left Plaintiff handcuffed in a cell for several hours so that Plaintiff was unable urinate. These claims are duplicative of Plaintiff's excessive force claims in the Count Three. Accordingly, the Court will dismiss this portion of Count Four.

### E.   Count Five–Medical Claims

To maintain a claim under the Eighth Amendment based on prison medical treatment, a prisoner must show deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The official must both be aware of facts from which the inference could be

1    drawn that a substantial risk of serious harm exists and he must also draw the inference. Id.
2    This subjective approach focuses upon the mental attitude of the defendant. Id. at 839.

3    "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,
4    1060 (9th Cir. 2004). In the medical context, deliberate indifference may be shown by (1) a
5    purposeful act or failure to respond to a prisoner's pain or possible medical need and
6    (2) harm caused by the indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)
7    (citing Estelle, 429 U.S. at 104).

8    Medical malpractice or negligence is insufficient to establish a violation. Toguchi,
9    391 F.3d at 1060. Thus, mere negligence in diagnosing or treating a condition does not
10   violate the Eighth Amendment. Toguchi, 391 F.3d at 1057. Also, an inadvertent failure to
11   provide adequate medical care alone does not rise to the Eighth Amendment level. Jett, 429
12   F.3d at 1096. A difference in medical opinion also does not amount to deliberate
13   indifference. Toguchi, 391 F.3d at 1058. To prevail on a claim involving choices between
14   alternative courses of treatment, a prisoner must show that the chosen course was medically
15   unacceptable under the circumstances and was chosen in conscious disregard of an excessive
16   risk to the prisoner's health. Id.

17   In Count Five, Plaintiff claims that Defendants were deliberately indifferent to his
18   medical needs because they failed to provide adequate treatment for an ear infection. In his
19   statement of facts, Plaintiff states that Defendant Doe 1 provided him with "earwax removal
20   drops" and ordered his ear to be flushed after three days. Plaintiff states his ear was never
21   flushed. Plaintiff states that Defendant Osunde put water in his ear but then stated that there
22   was nothing more she could do. He claims that Defendant Loadholt then ordered Plaintiff's
23   ear to be flushed but that Defendant Burns failed to carry out the order.

24   Plaintiff's allegations against these Defendants are inadequate to establish deliberate
25   indifference. Plaintiff has alleged facts that show, at most, that Defendants were negligent
26   in treating Plaintiff's ear. Negligence in insufficient to state an Eighth Amendment claim.
27   The Court will therefore dismiss Count Five.
28   . . .

### IV. Claims for Which an Answer Will be Required

In Count Three, Plaintiff claims that Defendants Halsey and Vogel violated Plaintiff's Eighth Amendment rights when they subjected him to excessive force by handcuffing him so tightly that Plaintiff suffered nerve damage and left him handcuffed in a cell for several hours. Plaintiff further claims that Defendant Halsey and Vogel acted knowingly, maliciously, and sadistically to cause harm.

In Count Four, Plaintiff claims that Defendant Halsey violated his Eighth Amendment rights by placing Plaintiff in danger when he called Plaintiff a "rat and a snitch" in front of other inmates.

Liberally construed, Plaintiff's allegations in Claims Three and Four adequately state a claim with respect to Defendants Halsey and Vogel and the Court will require these Defendants to answer the claims.

### V. Warnings

#### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

#### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

. . .

1 **IT IS ORDERED:**

2     (1) Counts One, Two, the handcuff claim in Count Four, and Count Five, and
3 Defendants Hebron, Benevidez, Smyth, Castro, Ortiz, Vella, Johnson, Melo, Hartley,
4 Comaites, Lopez, Osunde, Burns, Loadholt, and Does 1 through 5 are **dismissed** without
5 prejudice.

6     (2) Defendants Halsey and Vogel must answer Count Three and the "snitch" claim
7 in Count Four.

8     (3) The Clerk of Court must send Plaintiff a service packet including the Amended
9 Complaint (Doc. #7), this Order, a Notice of Submission of Documents form, an instruction
10 sheet, and copies of summons and USM-285 forms for Defendants Halsey and Vogel.

11     (4) Within **30 days** of the date of filing of this Order, Plaintiff must complete and
12 return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit
13 with the Notice of Submission of Documents: a copy of the Amended Complaint for each
14 Defendant, a copy of this Order for each Defendant, a completed summons for each
15 Defendant, and a completed USM-285 for each Defendant.

16     (5) Plaintiff must not attempt service on Defendants and must not request waiver
17 of service. Once the Clerk of Court has received the Notice of Submission of Documents and
18 the required documents, the Court will direct the United States Marshal to seek waiver of
19 service from each Defendant or serve each Defendant.

20 . . .
21 . . .
22 . . .
23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28

(6)    **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.**  See **Fed. R. Civ. P. 41(b).**

DATED this 10th day of February, 2009.

_____
John M. Roll
Chief United States District Judge