# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alfred C. Lombardelli, | No. CV 1-08-658-JMR |
| Plaintiff, | **ORDER** |
| vs. | |
| K. Halsey, et al., | |
| Defendants. | |

Plaintiff Alfred C. Lombardelli, who is confined in the Pleasant Valley State Prison, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and subsequently filed a First Amended Complaint. On February 11, 2009, the Court screened the First Amended Complaint and ordered order Defendants Halsey and Vogel to answer Count Three and the "snitch" claim in Count Four of the Amended Complaint and dismissed the remaining claims and Defendants without prejudice (Doc. #11). On March 6, 2009, Plaintiff filed a Motion to Amend (Doc. #14) and lodged a Second Amended Complaint (Doc. #15).

The Court will grant the Motion to Amend and direct the Clerk of Court to file the Second Amended Complaint. The Court will order Defendants Halsey, Vogel, Hebron, Smyth, Castro, Ortiz, Carter, Sanchez, and Anderson to answer the First Amendment retaliation claims in Count One, and Counts Two and Three of the Second Complaint and will dismiss the remaining claims without prejudice.

. . .

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. Second Amended Complaint

Plaintiff names the following Defendants in the Second Amended Complaint: Correctional Officer Kelvin Halsey; Correctional Officer Ronald Vogel; Correctional Officer T. Hebron; Correctional Officer Sydney Smyth; Correctional Officer A. Castro; Correctional Officer E. Ortiz; Correctional Officer K. Carter; Correctional Officer I. Sanchez; Correctional Sergeant M. K. Anderson; and Correctional Lieutenant M. Melo.

Plaintiff raises three grounds for relief in the Second Amended Complaint:

(1) Plaintiffs First, Fifth, and Fourteenth Amendment rights were violated when Defendants Halsey, Vogel, Hebron, Smyth, Castro, Ortiz, Carter, Sanchez, and Anderson engaged in retaliatory acts against Plaintiff, including removing Plaintiff from his job, filing false disciplinary reports against Plaintiff, and naming Plaintiff as a "snitch" in front of other inmates, in retaliation for Plaintiff filing grievances and civil rights actions against staff;

(2) Defendant Halsey violated Plaintiff's Eighth Amendment rights when he used excessive force on Plaintiff by knowingly, maliciously, and sadistically inflicted pain on Plaintiff by placing Plaintiff in handcuffs that were so tight they cut into Plaintiff's skin and then leaving Plaintiff in the handcuffs for a long period of time; and

(3) Defendant Halsey violated Plaintiff's Eighth Amendment rights when he placed Plaintiff in danger by "spreading the word that plaintiff is a rat and snitch."

Plaintiff seeks declaratory relief and monetary damages.

## III.   Failure to State a Claim

### A.   Due Process

In analyzing a due process claim, the Court must first decide whether Plaintiff was entitled to any process, and if so, whether he was denied any constitutionally required procedural safeguard.

Liberty interests which entitle an inmate to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal citations omitted).

Therefore, to determine whether an inmate is entitled to the procedural protections afforded by the Due Process Clause, the Court must look to the particular restrictions imposed and ask whether they "'present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.'" Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995) (quoting Sandin, 515 U.S. at 486).

To determine whether the sanctions are atypical and a significant hardship, courts look to prisoner's conditions of confinement, the duration of the sanction, and whether the sanction will affect the duration of the prisoner's sentence. See Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996). "Atypicality" requires not merely an empirical comparison, but turns on the importance of the right taken away from the prisoner. See Carlo v. City of Chino, 105 F.3d 493, 499 (9th Cir. 1997). See, *e.g.*, Sandin, 515 U.S. at 472 (30 days' disciplinary segregation is not atypical and significant); Torres v. Fauver, 292 F.3d 141, 151 (3d Cir. 2002) (four months in administrative segregation is not atypical and significant); Jacks v. Crabtree, 114 F.3d 983 (9th Cir. 1997) (denial of year sentence reduction is not an atypical and significant hardship); Jones v. Baker, 155 F.3d 810 (6th Cir. 1998) (two and one-half years of administrative segregation is not atypical and significant); Griffin v. Vaughn, 112 F.3d 703, 706-708 (3d Cir.1997) (fifteen months' administrative segregation

is not atypical and significant); Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) (six months of confinement in especially disgusting conditions that were "more burdensome than those imposed on the general prison population were not "atypical . . . in relation to the ordinary incidents of prison life.").

To the extent that Plaintiff alleges violations of his due process rights in Count One, plaintiff has failed to state a claim. Plaintiff alleges he was falsely charged with disciplinary violations and placed in administrative segregation pending investigation and resolution of the charges against him. Plaintiff also states that the allegations against him were eventually found to be untrue. Plaintiff does not allege that he received sanctions that are atypical or significant in the context of the ordinary incidents of prison life and Plaintiff's time in administrative segregation is not atypical or significant. Accordingly, Plaintiff has failed to allege a due process violation in Count One.

**B.     Conspiracy Claims**

In Count One, Plaintiff also alleges that several of the named Defendants conspired to retaliate against him by filing false disciplinary reports. In the absence of a specific allegation of "an agreement or meeting of the minds," a plaintiff's conclusory allegations that persons conspired against him will "not support a claim for violation of his constitutional rights under § 1983." Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989). Plaintiff fails to state a claim because he has presented no specific facts to support his claim that Defendants entered into a conspiracy. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988) (the mere allegation of conspiracy without factual specificity is insufficient). Allegations of conspiracy must be supported by material facts, not mere conclusory statements. Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983); see also, Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Manis v. Sterling, 862 F.2d 679, 681 (8th Cir. 1988) (allegations of conspiracy must be pled with sufficient specificity and factual support to suggest a "meeting of the minds").

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board

of Regents of the Univ. of Alaska, 673 F.2d 266 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id. at 268. Accordingly, the Court will dismiss Plaintiff's conspiracy claims in Count One.

**IV.     Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff's First Amendment retaliation claims in Count One, and Counts Two and Three adequately state a claim. The Court will require Defendants to answer those claims.

**V.     No Further Amendments**

Because Plaintiff has now been permitted two opportunities to amend his claims, and because of the age of this action, the Court will not permit any further amendment of Plaintiff's claims.

**VI.     Warnings**

**A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

. . .

**IT IS ORDERED:**

(1) Plaintiff's March 6, 2009 Motion to Amend (Doc. #14) is **granted**; the Clerk of Court must file the Second Amended Complaint (lodged at Doc. #15).

(2) The due process and conspiracy claims in Count One are **dismissed** without prejudice.

(3) Defendants Halsey, Vogel, Hebron, Smyth, Castro, Ortiz, Carter, Sanchez, and Anderson must answer the First Amendment retaliation claims in Count One, and Counts Two and Three of the Second Amended Complaint (lodged at Doc. #15).

(4) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (lodged at Doc. #15), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Halsey, Vogel, Hebron, Smyth, Castro, Ortiz, Carter, Sanchez, and Anderson.

(5) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the Second Amended Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(6) Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

. . .
. . .
. . .
. . .
. . .
. . .
. . .

1     (7) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

DATED this 7th day of April, 2009.

*/s/ John M. Roll*
John M. Roll
Chief United States District Judge