# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| Alfred C. Lombardelli, | No. CV 1-08-658-JMR |
| Plaintiff, | **ORDER** |
| vs. | |
| K. Halsey, et al., | |
| Defendants. | |

Plaintiff Alfred C. Lombardelli, who is confined in the Pleasant Valley State Prison, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and subsequently filed a First Amended Complaint. On February 11, 2009, the Court screened the First Amended Complaint and ordered Defendants Halsey and Vogel to answer Count Three and the "snitch" claim in Count Four of the Amended Complaint and dismissed the remaining claims and Defendants without prejudice (Doc. #11). On March 6, 2009, Plaintiff filed a Motion to Amend (Doc. #14) and lodged a Second Amended Complaint (Doc. #15).

By Order filed April 8, 2009, the Court granted the Motion to Amend and directed the Clerk of Court to file the Second Amended Complaint. The Court also ordered Defendants Halsey, Vogel, Hebron, Smyth, Castro, Ortiz, Carter, Sanchez, and Anderson to answer the First Amendment retaliation claims in Count One, and Counts Two and Three of the Second Complaint, and dismissed the remaining claims without prejudice.

On April 23, 2009, Plaintiff filed a Motion for Reconsideration of the April 8, 2009

screening Order.

**I.      Motion for Reconsideration**

In his Motion for Reconsideration, Plaintiff asks that the Court reconsider its dismissal of the conspiracy and due process claims in Count One of the Second Amended Complaint. With respect to the conspiracy claims, Plaintiff argues that he alleged facts sufficient to state a claim for conspiracy against Defendants Vogel, Ortiz, and Halsey. Specifically, Plaintiff asserts that in paragraph 17 of the Second Amended Complaint he alleged that "Defendant Vogel made it very clear to plaintiff that he was complicit with defendant[]s Halsey and Ortiz's threats and harassment" and that in paragraph 22 he alleged that "he personally heard Halsey and Ortiz conspiring to falsify a disciplinary report." Plaintiff also argues that his other factual allegations demonstrate a pattern of harassment among Defendants that supports a conspiracy claim. The Court will liberally construe Plaintiff's conspiracy claims against Defendants Vogel, Ortiz, and Halsey, and will require those Defendants to answer the conspiracy claims in Count One of the Second Amended Complaint.

With respect to the due process claims, Plaintiff argues that the Court erred in dismissing the due process claims because the sanctions Plaintiff received for the false disciplinary reports were atypical and significant.

The Court has reviewed Plaintiff's due process claims as well as the April 8, 2009 screening order and finds no error in its dismissal of these claims. Accordingly, the Court will deny Plaintiff's Motion for Reconsideration with respect to the due process claims.

**II.     Warnings**

**A.      Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.      Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See

1  LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further
2  notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's April 23, 2009 Motion for Reconsideration (Doc. #19) is **granted in part** with respect to the conspiracy claims in Count One against Defendants Vogel, Ortiz, and Halsey.  The Motion is **denied in part** with respect to the due process claims.

(2) In addition to the requirements of the Court's April 8, 2009 Order, Defendants Vogel, Ortiz, and Halsey **must answer** the conspiracy claims in Count One of the Second Amended Complaint (Doc. #18).

(3) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents.[1]  Plaintiff must submit with the Notice of Submission of Documents: a copy of the Second Amended Complaint for each Defendant, a copy of the April 8, 2009 Order (Doc. #17) for each Defendant, **a copy of this Order for each Defendant**, a completed summons for each Defendant, and a completed USM-285 for each Defendant.  **Plaintiff must add a line to the Notice of Submission of Documents that indicates that he has included copies of this Order, in addition to the other required copies, with the Notice.**

(4) Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

---

[1] Plaintiff was provided with a Notice of Submission of documents form with the Court's April 8, 2009 Order.

(5) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

DATED this 30th day of April, 2009.

_____
John M. Roll
Chief United States District Judge