IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | | |
|---|---|---|
| Alfred C. Lombardelli, | ) | No. CV 08-658-JMR |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| K. Halsey, et. al., | ) | |
| Defendants. | ) | |

Pending is Defendants Anderson, Carter, Castro, Sanchez and Smyth's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b) for failure to exhaust administrative remedies (Doc. 29). Plaintiff has filed a response (Doc. 38) and Defendants have filed their reply (Doc. 39). Defendants' Motion is **granted in part** and **denied in part**.

I.   **Background**

On May 12, 2008, Plaintiff Alfred C. Lombardelli, who is confined in the Pleasant Valley State Prison, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and subsequently filed a First Amended Complaint. On February 11, 2009, the Court screened the First Amended Complaint and ordered Defendants Halsey and Vogel to answer Count Three and the "snitch" claim in Count Four of the Amended Complaint and dismissed the remaining claims and Defendants without prejudice (Doc. 11). On March 6, 2009, Plaintiff filed a Motion to Amend (Doc. 14) and lodged a Second Amended

1  Complaint (Doc. 15). On April 8, 2009, the Court granted the Motion to Amend and
2  directed the Clerk of Court to file the Second Amended Complaint (see Doc. 17). The
3  Court also ordered Defendants Halsey, Vogel, Hebron, Smyth, Castro, Ortiz, Carter,
4  Sanchez, and Anderson to answer the First Amendment retaliation claims in Count One,
5  and Counts Two and Three of the Second Amended Complaint, and dismissed the
6  remaining claims without prejudice. Plaintiff subsequently filed a Motion for
7  Reconsideration, asking the Court to reconsider its dismissal of the conspiracy and due
8  process claims in Count One of the Second Amended Complaint. On April 30, 2009, the
9  Court granted Plaintiff's Motion in part, ordering Defendants Vogel, Ortiz, and Halsey to
10 answer the conspiracy claims in Count One of the Second Amended Complaint (see Doc.
11 20). The Court denied Plaintiff's request to reconsider the dismissal of his due process
12 claims.

13      On September 3, 2009, Defendants Anderson, Carter, Castro, Sanchez, and Smyth
14 ("Defendants") filed their Motion to Dismiss for failure to exhaust administrative
15 remedies prior to filing suit.

16 **II.     Defendants' Motion to Dismiss For Failure to Exhaust**

17      Rule 12 of the Federal Rules of Civil Procedure does not explicitly address failure
18 to exhaust administrative remedies. However, the Ninth Circuit has held that the failure
19 to exhaust non-judicial remedies "should be treated as a matter in abatement subject to an
20 unenumerated Rule 12(b) motion." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.
21 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the
22 court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20.
23 Defendants have the burden of proving that the prisoner did not exhaust. *Brown v. Valoff*,
24 422 F.3d 926, 936 (9th Cir. 2005). "If the district court concludes that the prisoner has
25 not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without
26 prejudice." *Wyatt*, 315 F.3d at 1120.

27      Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner must
28 exhaust his administrative remedies prior to filing a complaint in federal court. 42 U.S.C.

§ 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002). Premature filings must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). A prisoner does not comply with § 1997e(a) by exhausting available remedies during the course of the litigation. *Id.*

### A.   Defendants Anderson, Carter, Sanchez, and Smyth

In Count One of his Second Amended Complaint, Plaintiff claims that his First Amendment rights were violated when Defendants Anderson, Carter, Sanchez, and Smyth filed false disciplinary reports against Plaintiff in retaliation for filing grievances. In their motion to dismiss, Defendants claim that Plaintiff had not exhausted his administrative remedies against Defendants when he filed his initial Complaint in this action. Specifically, Defendants argue that because the alleged acts of retaliation occurred after Plaintiff initiated this action, Plaintiff could not have exhausted his claims against them. Plaintiff filed his initial Complaint on May 12, 2008. Plaintiff claims that Defendants began to retaliate against him after July 12, 2008.

The Ninth Circuit Court of Appeals addressed Defendants' arguments in *Rhodes v. Robinson*, No. 08-16363, 2010 WL 3489777 (9th Cir. Sept. 8, 2010). The Ninth Circuit held that the PLRA's exhaustion requirement is satisfied for new claims asserted in an amended complaint as long as the plaintiff exhausts his administrative remedies with respect to the new claims before he tenders the amended complaint to the court for filing. *Id.* at *5. The Ninth Circuit acknowledged two cases relied upon by Defendants in the instant case–*McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002) (exhaustion is a prerequisite to suit), and *Vaden v. Summerhill*, 449 F.3d 1047 (9th Cir. 2006) (a case is "brought" within the meaning of § 1997e at the time it is tendered to the district court). However, the court held that both *McKinney* and *Vaden* must be "read and applied in the larger context of the pleading framework established by the Federal Rules of Civil Procedure." *Rhodes*, 2010 WL 3489777, at *3. Under the Federal Rules, as a general rule, when a plaintiff files an amended complaint, "[t]he amended complaint supercedes

- 3 -

1  the original, the latter being treated thereafter as non-existent," and thus its filing date is
2  irrelevant. *Loux v. Rhay* 375 F.2d 55, 57 (9th Cir. 1976).

3  Without finding that Plaintiff's retaliation claims against Defendants have, in fact,
4  been exhausted, Defendants' motion to dismiss Plaintiff's retaliation claims against
5  Defendants Anderson, Carter, Sanchez, and Smyth must be denied based on the Ninth
6  Circuit's holding in *Rhodes*. Defendants have 30 days from the filing date of this order to
7  file an amended motion to dismiss.

8  **B.   Defendant Castro**

9  In Count One of his Second Amended Complaint, Plaintiff claims that his First
10  Amendment rights were violated when Defendant Castro conspired to conceal and
11  withhold an investigative report containing exculpatory evidence regarding a rules
12  violation with which Plaintiff was charged. In their motion to dismiss, Defendants claim
13  that Plaintiff did not exhaust his administrative remedies against Defendant Castro
14  because Plaintiff never submitted a grievance regarding his allegations.

15  According to Plaintiff, on April 10, 2007, Plaintiff was charged with battery on a
16  peace officer. In June 2007, correctional officer Epstein submitted a report with evidence
17  that supported Plaintiff's case. Plaintiff alleges that between June and August 12, 2007,
18  Defendant Castro conspired to withhold the report from Plaintiff. On August 13, 2007,
19  Plaintiff received a copy of the report. On August 20, 2007, the disciplinary hearing for
20  the rules violation for battery on a peace officer was conducted by senior hearing officer
21  Lieutenant Melo. On September 18, 2007, Plaintiff filed a grievance concerning the
22  hearing. In his grievance, Plaintiff claimed that Melo: (1) did not allow Plaintiff to call
23  any witnesses and (2) applied the wrong legal standard of review to the evidence
24  presented during the hearing.

25  After a review of Plaintiff's grievance, it is clear that Plaintiff failed to exhaust his
26  administrative remedies with regard to his allegations against Defendant Castro. When a
27  prison's grievance procedures are silent or incomplete as to factual specificity, "a
28  grievance suffices if it alerts the prison to the nature of the wrong for which redress is

- 4 -

1  sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009).  Here, Plaintiff's
2  grievance did not address Epstein's report, mention any conduct by Castro, or allege that
3  anyone withheld evidence from Plaintiff.  Plaintiff's grievance only addresses Melo's
4  conduct during Plaintiff's hearing.  In his response to Defendants' motion, Plaintiff
5  claims that his grievance did not only address Melo's conduct but that "he clearly stated
6  in his [grievance] that 'he heard Sergeant Vogel conspire with Halsey and <u>others</u> to falsify
7  their reports.'"  However, Plaintiff's grievance does not contain this language referencing
8  "others."  Furthermore, Plaintiff's claim that Defendants Vogel and Halsey conspired to
9  falsify reports is insufficient to alert the prison to the nature of his allegation that
10 Defendants Vogel and Castro conspired to conceal and withhold Epstein's investigative
11 report from Plaintiff.

12       Plaintiff failed to exhaust his administrative remedies with regard to his allegations
13 against Defendant Castro and therefore Defendants' motion to dismiss is granted as to
14 Plaintiff's retaliation claim against Defendant Castro in Count One of the Second
15 Amended Complaint.

16       Accordingly,

17       **IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 29) is **granted** as to
18 Plaintiff's claims against Defendant Castro in Count One of the Second Amended
19 Complaint and **denied** as to Plaintiff's claims against Defendants Anderson, Carter,
20 Sanchez, and Smyth in Count One of the Second Amended Complaint.  Plaintiff's
21 retaliation claims against Defendant Castro in Count One of the Second Amended
22 Complaint and Defendant Castro are **dismissed without prejudice**.

23       **IT IS FURTHER ORDERED** that Defendants have **30 days** from the filing date
24 of this order to file an amended motion to dismiss regarding Plaintiff's claims against
25 Defendants Anderson, Carter, Sanchez, and Smyth.

26       DATED this 20th day of September, 2010.

27
28                              John M. Roll
                             Chief United States District Judge