# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| Alfred C. Lombardelli,  )  | No. CV 08-658-JMR |
| Plaintiff,  )  | **ORDER** |
| vs.  )  | |
| K. Halsey, et. al.,  )  | |
| Defendants.  )  | |

A Defendant has filed a Motion to Dismiss (Doc. #43) pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for failure to exhaust prison administrative remedies as required by 42 U.S.C. § 1997e(a).

**NOTICE--WARNING TO PLAINTIFF**

*THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT[1]*

Defendant's Motion to Dismiss seeks to have your case against him dismissed for failure to exhaust prison administrative remedies as required by 42 U.S.C. § 1997e(a). A

---

[1] *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

1  motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure will, if
2  granted, end your case against the defendant who filed the motion.  When deciding a
3  motion to dismiss for failure to exhaust, the Court may consider evidence beyond your
4  complaint, including sworn declarations and other admissible documentary evidence.
5  Moreover, if Defendant produces admissible evidence demonstrating that you failed to
6  exhaust available administrative remedies, your claims against him will be dismissed
7  without prejudice unless your response to Defendant's Motion includes admissible
8  evidence sufficient to show that you exhausted all available administrative remedies or
9  that no administrative remedies were available to you.  Types of admissible evidence may
10 include copies of your grievances, grievance responses, and sworn declarations.

11        You must comply with the Local Rules of Civil Procedure in filing your response.
12 You must timely respond to all motions.  Rule 78-230(l) of the Local Rules of Civil
13 Procedure provides that the failure to oppose a motion "may be deemed a waiver of any
14 opposition to the granting of the motion . . . ."  The Court may, in its discretion, treat your
15 failure to respond to Defendant's Motion to Dismiss as a consent to the granting of that
16 Motion without further notice, and judgment may be entered dismissing Defendant from
17 this action without prejudice.  *See Brydges v. Lewis*, 18 F.3d 651 (9th Cir. 1994) (*per*
18 *curiam*).

19        Accordingly,

20        **IT IS HEREBY ORDERED** that Plaintiff must file a response to Defendant's
21 Motion to Dismiss (Doc. 43), together with copies of grievances, sworn declarations, or
22 other admissible evidence, no later than **January 21, 2011**.

23        **IT IS FURTHER ORDERED** that Defendant may file a reply within 15 days
24 after service of Plaintiff's response.

25        **IT IS FURTHER ORDERED** that the Motion to Dismiss will be deemed ready
26 for decision without oral argument on the day following the date set for filing a reply
27 unless otherwise ordered by the Court.

28 //

1    **IT IS FURTHER ORDERED** that Plaintiff's motion for extension of time to file
2    his response (Doc. 44) is **denied** as moot in light of the new briefing schedule set forth in
3    this Order.

4    DATED this 20th day of December, 2010.

_____
John M. Roll
Chief United States District Judge