1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14

| | |
|---|---|
| ALFRED C. LOMBARDELLI, | CASE NO. 1:08-CV-00658-AWI-DLB PC |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR MODIFICATION OF SCHEDULING ORDER (DOC. 59) |
| v. | |
| K. HALSEY, et al., | ORDER DISREGARDING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AS MOOT (DOC. 60) |
| Defendants. | |
| | DISCOVERY CUT-OFF DATE - November 30, 2011 |

_____/

15

16       Plaintiff Alfred C. Lombardelli ("Plaintiff") is a prisoner in the custody of the California

17   Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

18   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding

19   against Defendants Carter, Halsey, Ortiz, Sanchez, Smyth, and R. Vogel.  Pending before the

20   Court are: 1) Plaintiff's motion to modify the discovery cut-off date, filed September 14, 2011;

21   and 2) Plaintiff's motion for extension of time, filed September 16, 2011.  Docs. 59, 60.  The

22   matter is submitted pursuant to Local Rule 230(l).

23   **I.**       **Motion For Extension Of Time**

24       Plaintiff moves for an extension of time to comply with Defendants' request for

25   production of documents.  Doc. 60.  Plaintiff contends that Defendants requested that Plaintiff

26   produce responsive documents for purposes of Plaintiff's scheduled deposition on September 22,

27   2011.  Plaintiff appears to contend that Defendants' counsel requested the production of all

28   documents that Plaintiff intends to use at trial.  Plaintiff submitted a request using prison

1

procedures for obtaining these documents from his central file, but had yet to receive access at the time his motion was filed.  Plaintiff thus requests a thirty-day extension of time to produce these documents for Defendants.  The deposition has presumably occurred and concluded.  Thus this motion appears to be moot.  Accordingly, it is HEREBY ORDERED that Plaintiff's motion for extension of time to produce documents at the deposition, filed September 16, 2011, is DISREGARDED as moot.[1]

**II.**     **Motion To Modify Discovery Cut-Off Date**

Plaintiff moves for a modification of the discovery cut-off date, seeking an extension of an additional forty-five days.  Doc. 59.  Defendants oppose the motion.  Doc. 61.

Plaintiff contends that he propounded discovery on Defendants on April 18, 2011.  Pl.'s Mot. 1.  Plaintiff received Defendants' responses on August 25, 2011.  Id.  Plaintiff contends that these responses were inadequate because they were ambiguous, unclear, and evasive.  *Id.* Defendants contend that Plaintiff has provided no good cause as to why he needs additional time to propound an unlimited amount of new discovery.  Defs.' Opp'n 3:3-13.  Defendants contend that Plaintiff also advised Defendants that he would seek a motion to compel further responses to interrogatories and requests for production of documents.  *Id.*

Good cause is required to modify the Court's schedule.  Fed. R. Civ. P. 16(b)(4).  The Court finds that Plaintiff has not demonstrated good cause as to a modification of the scheduling order for purposes of propounding new discovery.  Plaintiff's arguments all relate to the inadequacy of Defendants' responses.  Propounding new discovery would not appear to address Plaintiff's concerns. However, in the interests of justice, the Court will grant a modification of the scheduling order for purposes of filing motions to compel only.

///

///

///

---

[1] If Defendants' counsel is requesting the production of these documents pursuant to Federal Rule of Civil Procedure 34, Defendants' counsel was required to serve such discovery request forty-five days before the discovery deadline.  Discovery and Scheduling Order, Doc. 51.

1    The court does not hold litigants proceeding pro se to the same standards that it
holds lawyers. However, as the moving party, Plaintiff bears the burden of
2    informing the court which discovery requests are the subject of his motion to
compel, which of Defendants' responses are disputed, why he believes
3    Defendants' responses are deficient, why Defendants' objections are not justified,
and why the information he seeks through discovery is relevant to the prosecution
4    of this action. *See, e.g., Brooks v. Alameida*, No. CIV S-03-2343 JAM EFB P,
2009 U.S. Dist. LEXIS 9568, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009)
5    ("Without knowing which responses plaintiff seeks to compel or on what grounds,
the court cannot grant plaintiff's motion."); *Ellis v. Cambra*, No. CIV
6    02-05646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 109050, 2008 WL 860523, at *4
(E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery
7    requests are the subject of his motion to compel, and, for each disputed response,
inform the court why the information sought is relevant and why Defendant's
8    objections are not justified.").

9    *Haynes v. Sisto*, 2010 U.S. Dist. LEXIS 121246, at *2-3 (E. D. Cal. Oct. 29, 2010); *see also*

10   *Williams v. Flint*, No. CIV S-06-1238 FCD GGH P, 2007 U.S. Dist. LEXIS 98794, 2007 WL

11   2274520, at *1 (E.D. Cal. Aug. 3, 2007) ("It is plaintiff's burden to describe why a particular

12   response is inadequate. It is not enough to generally argue that all responses are incomplete.").

13        Accordingly, it is HEREBY ORDERED that Plaintiff's motion for modification of the

14   discovery cut-off date, filed September 14, 2011, is GRANTED in part.  The discovery cut-off

15   date for motions to compel is November 30, 2011.

16        IT IS SO ORDERED.

17   **Dated:   November 1, 2011**                         **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28

                                              3