# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED C. LOMBARDELLI, | CASE NO. 1:08-CV-00658-AWI-DLB PC |
| Plaintiff, | ORDER DENYING  PLAINTIFF'S MOTION TO COMPEL (DOC. 65) |
| v. | ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL (DOC. 68) |
| K. HALSEY, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff Alfred C. Lombardelli ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendants E. Ortiz, S. Smyth, I. Sanchez, K. Halsey, K. Carter, and R. Vogel.  Pending before the Court are: 1) Plaintiff's motion to compel, filed November 4, 2011, and 2) Plaintiff's motion to compel, filed December 2, 2011.  Defendants filed their oppositions on December 8, 2011.  Plaintiff filed his reply on December 21, 2011 and January 3, 2012.  The matter is submitted pursuant to Local Rule 230(l).  Prior to discussing the merits of the motions to compel, the Court will briefly summarize Plaintiff's claims against Defendants from the second amended complaint.

## I.    Summary Of Second Amended Complaint

Plaintiff was a member of the Men's Advisory Council at Corcoran State Prison.  Pl.'s Am. Compl. ¶ 14.  On July 2, 2006, Plaintiff filed a request for disclosure of public records, to which he received no response from the public information officer.  *Id.* ¶ 15.  Plaintiff then filed an inmate grievance concerning his request, and filed a petition in Kings County Superior Court. Id.  ¶¶ 16, 19.  Plaintiff was threatened by Defendant Ortiz and Halsey, warning him to cease his petitions, to which Plaintiff then filed an inmate grievance.  *Id.* ¶¶ 18, 19.  On February 7, 2007,

Defendant Halsey cut Plaintiff's wrists and caused his hands to go numb by placing him in handcuffs that were too tight for several hours. *Id.* ¶ 20. Defendant Vogel conspired with Haley by falsifying a log book to shorten the amount of time that Plaintiff occupied a holding cell. *Id.* On February 7, 2007, Defendant Halsey shouted "You're a rat" to Plaintiff in front of the other inmates. *Id.* ¶ 21. On February 14, 2007, Defendant Ortiz issued Plaintiff a false rules violation report, number 3C-07-02-014, for behavior that could lead to violence. *Id.* ¶ 22. Defendant Halsey conspired with Defendant Ortiz to falsely charge Plaintiff with rules violation report number 3C-07-02-014. *Id.* Defendant Halsey caused Plaintiff to be removed from his job by having him transferred to another building. *Id.*

After March 12, 2007, Defendant Halsey continued to tell inmates that Plaintiff was a rat and snitch. *Id.* ¶ 24. Defendant Halsey confiscated a religious book from Plaintiff *Id.* ¶ 25. On April 10, 2007, Defendants Halsey, Hebron, and Vogel conspired to falsely charge Plaintiff with battery. *Id.* ¶ 26. Defendant Vogel conspired to withhold an investigative report from Plaintiff. *Id.* ¶¶ 28-29. On March 4, 2008, Defendant Halsey threatened to "shoot Plaintiff and place him back in the hole" *Id.* ¶ 31. Defendant Smyth falsely accused Plaintiff of refusing a direct order on July 13, 2008. *Id.* ¶ 32. Defendant Carter falsely accused Plaintiff of behavior which could lead to violence during a cell search on July 25, 2008. *Id.* ¶ 34. Defendants Carter and Sanchez conspired to file a false report for threatening a peace officer against Plaintiff. *Id.* ¶ 35. Plaintiff requested as relief compensatory and punitive damages, and cost of suit.

**II.   <u>November 4, 2011 Motion</u>**

Plaintiff moves to compel further response to his requests that Defendants produce "all staff complaints, including inmate, staff, and civilian grievances, complaints, and appeals, and including responses to such documents prepared by Corcoran State Prison staff or their agents concerning all defendants." Pl.'s Mot. Compel 1. Plaintiff attaches his Requests For Production Of Documents served on Defendants Carter, Halsey, Ortiz, Sanchez, Smyth, and Vogel. The Court presumes that Plaintiff seeks to compel further response to Request No. 4, Set One, served on Defendants E. Ortiz, S. Smyth, I. Sanchez, K. Halsey, and K. Carter, and Request No. 5, Set One, served on Defendant R. Vogel, as those discovery requests correspond to Plaintiff's request

1   in his motion to compel.

2       Defendants' responses were:

3           Defendants object to this request on the grounds that it is vague,
    overbroad, burdensome, not reasonably calculated to lead to the discovery of
4   admissible evidence, and calls for information that is protected by the right of
    privacy.  Furthermore, the request may call for documents expressly exempted
5   from disclosure under the Freedom of Information Act or information protected
    by California Penal Code § 832.7, California Evidence Code § 1040, federal
6   common law privilege, the federal official information privilege, and the federal
    privacy act.  Finally, Defendants object that the term "inmate, staff, and civilian
7   grievances, complaints, and appeals" is vague.
           Each year, inmates at California State Prison Corcoran file several
8   thousand Inmate Appeal CDC 602 forms, and these grievances and staff
    complaints are not stored or categorized by the name of the correctional staff
9   involved.  Instead, the grievances and staff complaints are stored in the central file
    of the filing inmate or the prison appeals office, where they are categorized by the
10  name of the filing inmate.  Moreover, the scope of Plaintiff's request appears to
    extend beyond the retention schedule of the appeals office.  Thus, Plaintiff is
11  asking Defendants to: (1) identify all of the inmate incarcerated at California State
    Prison Corcoran during the course of employment of every Defendant; (2) obtain
12  all of the grievances filed by all of those inmates; and (3) review every grievance
    to assess whether it concerns any Defendant.
13          Without waiving these objections and assuming that Plaintiff requesting
    every "Inmate Appeal Form CDC 602" filed against any Defendant during their
14  employment at California State Prison Corcoran, Defendants respond as follows:
    Without waiving these objections, the documents responsive to this request are
15  attached as Exhibit B.  After conducting a reasonable search, Defendant does not
    have possession, custody, or control over any additional documents responsive to
16  this request.

17      Plaintiff contends that Exhibit B is composed of Plaintiff's own inmate grievances.  Pl.'s

18  Mot. Compel 3.  Plaintiff contends that Defendants' arguments regarding the filing system are

19  insufficient, as Plaintiff should not be denied relevant documents because of Defendants'

20  inefficient filing system.  Id.  Plaintiff also contends that this information is not privileged.  Id. at

21  3-4.

22      Plaintiff contends that he is aware of excessive force complaints against Defendants

23  Vogel and Halsey.  Id. at 4.  Plaintiff is also aware of Defendant Ortiz having been arrested and

24  removed as an officer for petty theft.  Id.  Plaintiff is also aware of several complaints against

25  Defendants Smyth and Carter for the same conduct as described in the complaint.  Id.  Plaintiff

26  acknowledges that evidence used to prove the character of a person in order to show action in

27  conformity.  Id. (citing Fed. R. Evid. 404(a)).  However, he contends admissibility to

28  demonstrate knowledge, intent, or motive.  Id. (citing Fed. R. Evid. 404(b)).

1   Defendants contend that searching for other grievances would be unduly burdensome, and

2   marginally relevant.  Def.'s Opp'n 3-4.  Defendants contend that they have properly responded to

3   Plaintiff's request.  *Id.* at 5-8.

4   A party may be ordered to produce a document in the possession of a non-party entity if

5   that party has a legal right to obtain the document or has control over the entity who is in

6   possession of the document.  *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).  As

7   this Court explained in *Allen v. Woodford*, 2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL

8   309945, *2 (E.D. Cal. Jan. 30, 2007) (internal citations and quotations omitted):

> Property is deemed within a party's possession, custody, or control if the party has
> actual possession, custody, or control thereof or the legal right to obtain the
> property on demand.  A party having actual possession of documents must allow
> discovery even if the documents belong to someone else; legal ownership of the
> documents is not determinative.  Control need not be actual control; courts
> construe it broadly as the legal right to obtain documents upon demand.  Legal
> right is evaluated in the context of the facts of each case.  The determination of
> control is often fact specific.  Central to each case is the relationship between the
> party and the person or entity having actual possession of the document.  The
> requisite relationship is one where a party can order the person or entity in actual
> possession of the documents to release them.  This position of control is usually
> the result of statute, affiliation or employment.  Control may be established by the
> existence of a principal-agent relationship.

16  Such documents also include documents under the control of the party's attorney.  *Meeks v.

17  Parson*, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009)

18  (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210,

19  212 (D. Mass. 2000) (A "party must product otherwise discoverable documents that are in his

20  attorneys' possession, custody or control."); *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ill.

21  1992); *see also* Cal. Code Regs. tit. 15, § 3370(e) ("No case records file, unit health records, or

22  component thereof shall be released to any agency or person outside the department, except for

23  private attorneys hired to represent the department, the office of the attorney general, the Board

24  of Parole Hearings, the Inspector General, and as provided by applicable federal and state law.").

25  Parties are not required to produce discovery if it would be unduly burdensome.  Fed. R. Civ. P.

26  26(b)(2)(C).

27  Plaintiff clarifies in his motion to compel that he seeks complaints filed against

28  Defendant Ortiz for her petty theft conviction, and against Defendants Smyth and Carter for

4

1    conduct alleged in the complaint.   Pl.'s Mot. Compel 4.   Plaintiff seeks complaints against

2    Defendant Vogel, contending that Defendant Vogel broke an unmate's wrist sixteen months ago.

3    *Id.*  Plaintiff contends that Defendant Halsey has several complaints against him for the conduct

4    described in the complaint.   *Id.*

5          Having reviewed the record and the parties' arguments, the Court finds that Plaintiff's

6    motion to compel should be denied.   Plaintiff's discovery request, as presented to Defendants, is

7    far too broad in scope.   This incident concerned very specific events from 2007 to 2008.

8    Furthermore, the alleged incident involving Defendant Vogel sixteen months ago does not

9    demonstrate a motive or intent to harm Plaintiff in 2007, as the alleged injury of breaking an

10   inmate's wrist, if true, happened after the incident at issue in this action.   Thus, it is not

11   reasonably calculated to lead to discovery of admissible evidence.

12         Plaintiff's contentions that there are several complaints against Defendants Smyth, Carter,

13   and Halsey concerning the conduct described in Plaintiff's second amended complaint are vague

14   and unsubstantiated.  *See Bruggerman ex rel. Bruggerman v. Blagojevich*, 219 F. E. D. 430, 430

15   (N. D. Ill. 2004) (reasonable particularity required for requests for production of documents, and

16   vague language is insufficient).   Plaintiff has not explained to which conduct he refers.   Plaintiff

17   has also failed to explain the relevance of complaints against Defendant Ortiz for an alleged petty

18   theft conviction.   Such documents would not appear admissible, and the Court does not find that

19   it would be reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff also

20   makes no showing as to his discovery request against Defendant Sanchez.

21         While the Court is skeptical of Defendants' arguments regarding the grievance filing

22   system, Plaintiff has not demonstrated that his discovery requests are reasonably calculated to

23   lead to the discovery of admissible evidence.   Other acts may demonstrate motive or intent.  Fed.

24   R. Civ. P. 404(b).   However, Plaintiff has not demonstrated that he seeks evidence of other

25   conduct other than to reflect negatively on Defendants' character, which is inadmissible.   *Id.*

26   404(a).   Accordingly, Plaintiff's motion to compel, filed November 4, 2011, is denied.

27   **III.    December 2, 2011 Motion**

28         Plaintiff moves to compel the production of Plaintiff's deposition taken on September 22,

1    2011.  Pl.'s Mot. 1-2, Doc. 68.  Plaintiff contends that this request is encompassed in Plaintiff's

2    original discovery request for the production of" all other documents, items of evidence, or sworn

3    or unsworn statements or affidavits that are related to the allegations made in plaintiff's

4    complaint."  *Id.*  Defendants contend that they are not obligated to provide Plaintiff with a copy of

5    the deposition transcript pursuant to Federal Rule of Civil Procedure 30.  Defs.' Opp'n 1-2, Doc.

6    70.  Defendants further contend that Plaintiff was provided the opportunity to review his

7    deposition transcript.  *Id.*, Ex. A. Esquire Solutions Letter, dated Nov. 11, 2011.  In reply,

8    Plaintiff contends that he never received the opportunity to review his deposition transcript.  Pl.'s

9    Reply 1, Pl.'s Decl. ¶ 2, Doc. 74.

10        A party is required to pay reasonable costs for a copy of the transcript.  Fed. R. Civ. P.

11    30(f)(3).  Thus, Defendants are not required to produce the transcript at their expense for

12    Plaintiff's inspection.  However, the deponent must be allowed the opportunity to review the

13    deposition transcript or recording upon request.  *Id.* 30(e).  Plaintiff declares that he never

14    received notice of the deposition being available for review.  Defendants' letter from Esquire

15    Solutions indicates that the deposition was not signed by the deponent.  The Court finds that in

16    the interest of justice, Plaintiff should be provided the opportunity to review his deposition

17    pursuant to Rule 30(e) of the Federal Rules of Civil Procedure.

18    **IV.**    <u>**Conclusion And Order**</u>

19        Accordingly, it is HEREBY ORDERED that:

20       1.      Plaintiff's motion to compel, filed November 4, 2011, is denied;

21       2.      Plaintiff's motion to compel, filed December 2, 2011, is granted in part; and

22       3.      Defendants are to provide Plaintiff the opportunity to review his deposition and

23               make changes, if necessary, pursuant to Rule 30(e) of the Federal Rules of Civil

24               Procedure, within **fourteen (14) days** from the date of service of this order.

25    IT IS SO ORDERED.

26    **Dated:  February 8, 2012**          **/s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE

27

28