# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED C. LOMBARDELLI,<br><br>           Plaintiff,<br><br>     v.<br><br>K. HALSEY, et al.,<br><br>           Defendants. | CASE NO. 1:08-cv-00658-AWI-DLB PC<br><br>ORDER DENYING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE INVOLVEMENT IN ACTION<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. Nos. 98, 99) |

Plaintiff Alfred C. Lombardelli ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants E. Ortiz, S. Smyth, I. Sanchez, K. Halsey, K. Carter, and R. Vogel. Pending before the Court are: 1) Plaintiff's objection to United States Magistrate Judge involvement in this action, filed August 22, 2012, and 2) Plaintiff's motion for reconsideration of the Magistrate Judge's August 3, 2012 Order, filed August 22, 2012.

Plaintiff objects to Magistrate Judge Dennis L. Beck's involvement in this action, namely the issuance of a Findings and Recommendations on June 29, 2012, and his order granting Plaintiff leave to file an amended opposition. Pursuant to 28 U.S.C. § 636(b)(1)(B), a United States District Judge may designate a magistrate judge to submit a proposed findings of fact and recommendations for disposition as to a motion for summary judgment. It is the practice of the United State District Court for the Eastern District of California for district judges to designate a magistrate judge to issue a findings and recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may also be designated to determine any pretrial matter pending, with certain

1

exception.  Thus, Magistrate Judge Beck's issuance of the order granting Plaintiff leave to file an amended opposition or proceed with his current opposition is well within the magistrate judge's duties and authority.  The Local Rules of this Court provide for the adjudication of prisoner civil rights actions, such as the one here, in the manner just described.  See Appendix (k) of the Local Rules.  Accordingly, Plaintiff's objection is overruled.

Plaintiff moves for reconsideration of the Magistrate Judge's order which required Plaintiff either to file an amended opposition or proceed with his current opposition.  Plaintiff contends that requiring Plaintiff to file an amended opposition puts a heavy burden on Plaintiff, who is proceeding pro se.  Plaintiff requests leave to file a shorter supplemental opposition instead.

Under Federal Rule of Civil Procedure 72(a), when reviewing a magistrate judge's order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. Pro. 72(a); see also 28 U.S.C. § 636(b)(1)(A); L. R. 303.  The assigned district judge may also reconsider any matter *sua sponte*.  L.R. 303(g).

Under the clearly erroneous standard of review, a district court may overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" Computer Economics, Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (quoting Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997)).  Under the contrary to law standard, a district court may conduct independent review of purely legal determinations by a magistrate judge.  Id.

The Court finds that the Magistrate Judge's order was not clearly erroneous or contrary to law.  It is the general practice of this Court not to permit piecemeal filings of documents. Plaintiff's burden as a pro se litigant is no greater than other pro se litigants, who would also be subject to the requirements of filing a whole document.[1]

---

[1] On September 4, 2012, Plaintiff filed his objections to the Magistrate Judge's Findings and Recommendations.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's objections, filed August 22, 2012, are denied; and

2 Plaintiff's motion for reconsideration, filed August 22, 2012, is denied.

IT IS SO ORDERED.

Dated:  September 14, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE