UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED C. LOMBARDELLI,<br><br>          Plaintiff,<br><br>    v.<br><br>K. HALSEY, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:08-cv-00658-AWI-DLB PC<br><br>**ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>ECF Nos. 76, 93 |

       Plaintiff Alfred C. Lombardelli ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and informa pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants E. Ortiz, S. Smyth, I. Sanchez, K. Halsey, K. Carter, and R. Vogel. On January 13, 2012, Defendants Carter, Sanchez, Halsey, and Vogel filed a motion for summary judgment. ECF No. 76. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

       On June 29, 2012, the Magistrate Judge filed a Findings and Recommendations which was served on the parties and which contained notice to the parties that any objection to the Findings and Recommendations was to be filed within fourteen days. ECF No. 93. Plaintiff filed an Objection to the Findings and Recommendations on September 4, 2012. ECF No. 100. The Court will construe the objections as timely filed.

       In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court will adopt in part

1

the Magistrate Judge's Findings and Recommendations.  The Court provides the following additional analysis to address Plaintiff's objections.

### A.     February 7, 2007 Incident

Plaintiff contends that the headaches were caused by a housing assignment transfer.  The Magistrate Judge found that Plaintiff is not a medical professional and thus cannot state the cause of his headaches.  Plaintiff contends that Plaintiff can know whether he has headaches.  However, the Magistrate Judge did not find that Plaintiff did not have headaches.

The Magistrate Judge found that Plaintiff's housing assignment transfer was not done by Defendant Halsey for retaliatory purposes, finding that mere allegations of conspiracy was not sufficient.[1]  Plaintiff contends that he suffered headaches as a result of the transfer, and that it is irrelevant who transferred Plaintiff because Plaintiff sufficiently demonstrated the formation of an agreement based on Defendants Halsey, Vogel, and Ortiz's statements.  Plaintiff declares that he overheard Defendants Halsey and Ortiz discuss moving Plaintiff to another block in order to take away his job assignment.  Pl. Decl. ¶ 6.

Plaintiff has not presented evidence which would indicate that Defendant Halsey authorized the move.  However, there is a sufficient dispute of material fact as to whether Defendants Halsey and Ortiz were the impetus for the move, and thus took adverse action against Plaintiff.  Plaintiff has raised a genuine dispute of material fact as to this claim.[2]

### B.     March 27, 2007 Incident

Plaintiff contends that Defendant Halsey's confiscation of a book that Plaintiff had

---

[1] For a viable claim of First Amendment retaliation, the following elements must be met: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)).

[2] It appears that Defendants had limited the extent of this claim to Defendant Halsey.  Defs.' Mot. Summ. J., Mem. P. & A. 12:11-12.  However, Plaintiff named Defendants Halsey, Ortiz, and Vogel in his second amended complaint and deposition testimony as the cause of the building move and loss of job.  Second Am. Compl. ¶¶ 23, 42; Dep. 80:17-83:15.  Plaintiff provides evidence of only Defendants Ortiz and Halsey discussing moving Plaintiff to another block.  Pl.'s Decl. ¶¶ 3-6, Mata Decl. ¶¶ 9, 10; Pearson Decl. ¶¶ 6, 11; Escareno Decl. ¶¶ 5-7; Gonzalez Decl. ¶¶ 5-7, ECF No. 85.  Thus, this claim proceeds only against Defendants Ortiz and Halsey.

1  borrowed from another inmate was retaliatory.  The Magistrate Judge found that confiscation of
2  property that had been borrowed from another inmate was in furtherance of a legitimate
3  penological goal.  Section 3192, Title 15 of the California Code of Regulations prohibits
4  borrowing of personal property between inmates.  There are no exceptions listed.  Plaintiff
5  contends that Defendant Halsey's motives were retaliatory.  Plaintiff contends that Defendant
6  Halsey wrote Plaintiff up for disruptive behavior, which appears to have been a CDC-128
7  chrono.[3]  That disruptive behavior concerned the borrowing of personal property from another
8  inmate, and Plaintiff's disagreement with staff giving him a direct order.  Plaintiff fails to raise a
9  genuine dispute of material fact that he was written up in furtherance of a legitimate penological
10 goal.  Plaintiff also fails to demonstrate how a CDC-128 chrono constitutes adverse action for the
11 purposes of retaliation.  Plaintiff's objections are denied.

      **C.**      **July 28, 2008 Incident**

13       The Magistrate Judge found that Plaintiff failed to present evidence to raise a genuine
14 dispute of material fact regarding a retaliatory motive by Defendant Carter in authoring a Rules
15 Violation Report against Plaintiff.  Plaintiff maintains that the Court should consider the
16 chronological history of facts.  In Plaintiff's declaration, Plaintiff declares that Defendant Smyth
17 made it clear to Plaintiff that Defendant Carter was his "lil bulldog" and that Defendant Smyth
18 had "ghost wrote" the Rules Violation Report.

19       The Court finds that there is a genuine dispute of material fact with regards to a
20 retaliatory motive by Defendant Carter.  Based on Plaintiff's declaration, Defendant Smyth had
21 implied to Plaintiff that Defendant Carter's RVR was written because of Plaintiff's prior First
22 Amendment activities.  Additionally, inmate Mata declared that a few days prior to the July 28,
23 2008 incident, Defendant Carter had told inmate Mata that Plaintiff was going to the hole real
24 soon, and that she was aware of Plaintiff's prior lawsuit against Defendant Smyth.  Mata Decl. ¶
25 20, ECF No. 85.  Inmate Mata's declaration is sufficient under Rule 56(c)(4) of the Federal Rules
26 of Civil Procedure.  This claim will also proceed against Defendant Smyth for taking the adverse

---

28       [3]In his opposition, Plaintiff referred to his second amended complaint regarding this incident, which referred to Exhibit D, a CDC-128 chrono authored by Defendant Halsey on March 27, 2007.

action of "ghost writing" a false Rules Violation Report against Plaintiff.

### D. August 18, 2008 Incident

The Magistrate Judge found that Defendant Sanchez should be dismissed from this action because there was no retaliatory motive by Defendant Sanchez in authoring the Rules Violation Report. Plaintiff contends that Defendant Sanchez should remain in the action based on the facts that he raised in dispute.

Plaintiff failed to raise a genuine dispute of material fact as to a retaliatory motive by Defendant Sanchez. There is no genuine dispute raised with regards to Defendant Sanchez's belief that Plaintiff had made a verbal threat against her. Thus, Defendant Sanchez writing a Rules Violation Report for an alleged threat would be in furtherance of a legitimate penological goal of advancing institutional security.

However, Plaintiff has raised a genuine dispute of material fact as to Defendant Carter regarding the August 18, 2008 Rules Violation Report being First Amendment retaliation. There is sufficient evidence presented to raise a genuine dispute of material fact that Defendant Carter was aware of Plaintiff's prior First Amendment activities and had falsely stated to Defendant Sanchez that Plaintiff had threatened Defendant Sanchez, which led to the issuance of a Rules Violation Report.

### E. Qualified Immunity

The Magistrate Judge declined to consider Defendants' arguments regarding qualified immunity because he had recommended that Defendants' motion be granted in full. However, the Court finds that there are genuine disputes of material fact with respect to the July 28, 2008 and August 18, 2008 claims against Defendant Carter and that she will thus remain in the action. The Court will now address the qualified immunity arguments with respect to Defendant Carter.

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In ruling upon the issue of qualified immunity, one inquiry is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the defendant's conduct violated a constitutional right.

4

1  *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 129 S. Ct.
2  808, 813 (2009) ("*Saucier* procedure should not be regarded as an inflexible requirement").
3    The other inquiry is whether the right was clearly established. *Saucier*, 533 U.S. at 201.
4  The inquiry "must be undertaken in light of the specific context of the case, not as a broad
5  general proposition . . . ." *Id.* "[T]he right the official is alleged to have violated must have been
6  'clearly established' in a more particularized, and hence more relevant, sense:  The contours of
7  the right must be sufficiently clear that a reasonable official would understand that what he is
8  doing violates that right." *Id.* at 202 (citation omitted).  In resolving these issues, the court must
9  view the evidence in the light most favorable to plaintiff and resolve all material factual disputes
10 in favor of plaintiff. *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003).  Qualified
11 immunity protects "all but the plainly incompetent or those who knowingly violate the law."
12 *Malley v. Briggs*, 475 U.S. 335, 341 (1986).
13    Here, Defendants are not entitled to qualified immunity.  The conduct, when taken in the
14 light most favorable to Plaintiff, shows that Defendants violated Plaintiff's First Amendment
15 rights.  Such rights are clearly established. *Rhodes*, 408 F.3d at 567.
16    Accordingly, IT IS HEREBY ORDERED that:
17    1.  The Findings and Recommendations, filed June 29, 2012, is adopted in part;
18    2.  Defendants Carter, Sanchez, Halsey, and Vogel's motion for summary judgment
19        and partial summary judgment, filed January 13, 2012, is granted in part and
20        denied in part as stated herein;
21    3.  Summary judgment is granted as to Defendant Sanchez and denied as to
22        Defendant Carter, and partial summary judgment is granted and denied as stated
23        herein;
24    4.  Defendant Sanchez is dismissed from this action; and
25    5.  This action proceed on the following claims:
26    (A) the First and Eighth Amendment claims that Defendant Halsey placed Plaintiff in
27 handcuffs that were too tight on February 7, 2007;
28    (B) the First Amendment claims that Defendants Halsey and Ortiz had Plaintiff moved to

another building on February 7, 2007, causing Plaintiff to lose his job assignment;

 (C) the First Amendment claim that Defendants Ortiz and Halsey conspired to falsely charge Plaintiff with Rules Violation Report Number 3C-07-02- 014, issued February 14, 2007;

 (D) the First Amendment and nominal damages Eighth Amendment claims that, on February 7, 2007, and March 2007, Defendant Halsey called Plaintiff a "rat" in front of other inmates;

 (E) the First Amendment claim that, on April 10, 2007, Defendants Halsey and Vogel falsely charged Plaintiff with battery in Rules Violation Report number 3C-07-04-009;

 (F) the First Amendment claim that, on March 4, 2008, Defendant Halsey threatened to shoot Plaintiff;

 (G) the First Amendment claim that on July 13, 2008, Defendant Smyth falsely charged Plaintiff with Rules Violation Report number 3C-08-07-031 for refusing a direct order;

 (H) the First Amendment claim against Defendants Carter and Smyth for falsely charging Plaintiff with a Rules Violation Report number 3C-08-08-015 following the July 28, 2008 incident; and

 (I) the First Amendment claim that Defendant Carter falsely told officer Sanchez that Plaintiff had threatened Sanchez, resulting in the issuance of Rules Violation Report number 3C-08-08-065, following the August 18, 2008 incident.

IT IS SO ORDERED.

Dated:  March 26, 2013

              SENIOR DISTRICT JUDGE